## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KIM FAIR**<br>    Plaintiff, | )<br>)<br>)<br>) |
| **v.** | )   **Civil Action No.**<br>)<br>) |
| **UNITED RECEIVABLES GROUP, LLC**<br>    Defendant, | )<br>)<br>)<br>) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, KIM FAIR, by and through his attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for his Complaint against the Defendant, UNITED RECRVIABLES GROUP, LCC, Plaintiff states as follows:

### *I.   INTRODUCTION*

1.  This is an action for actual and statutory damages brought by Plaintiff, Kim Fair, an individual consumer, against Defendant, UNITED RECEIVABLES GROUP, LLC for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  *JURISDICTION*

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Because Defendant conducts business in Massachusetts, personal jurisdiction is established.

4.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. *PARTIES*

7.  Plaintiff, Kim Fair (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Roxbury, Suffolk County, Massachusetts.

8.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.  Upon information and belief, the Defendant, United Receivables Group, LLC, (hereinafter "Defendant") is an individual engaged in the business of collecting debt in this state, with their principal place of business located in Rockhill, York County, South Carolina.

10.  The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of their efforts to collect debts allegedly owed to third parties, Defendant sent to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

14. At all relevant times, Defendant acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

15. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

18. Some time prior to October 27, 2015, Defendant began contacting Plaintiff regarding an alleged debt.

19. Defendant was contacting Plaintiff on his cellphone which has an area code of 857.

20. The area code 857 is assigned to Boston, Massachusetts and the greater Boston area.

21. In order to legally conduct business in Massachusetts a debt collector must be registered with the Massachusetts Division of Banks.

22. Defendant is not registered with Massachusetts Division of Banks as a debt collector.

23. Defendant cannot legally attempt to collect debts from consumers in Massachusetts.

24. On October 27, 2015, Plaintiff's counsel's office notified Defendant's counsel in writing that Plaintiff was represented by counsel.

25. Several times after October 27, 2015, Defendant attempted to directly contact Plaintiff despite being informed Plaintiff was represented by counsel.

26. On November 2, 2015 and November 4, 2015, Defendant attempted to directly contact Plaintiff despite being informed Plaintiff was represented by counsel.

27. On or about May 22, 2014, Defendant in connection with the collection of an alleged debt contacted Plaintiff by calling her work cellphone.

28. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

29. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by attempting to collect a debt illegally and calling Plaintiff after knowledge that Plaintiff is represented by counsel.

## V. *CAUSES OF ACTION*

### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

31. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692b(6)* of the FDCPA by communicating with anyone other than the attorney for the Plaintiff after the Defendant knows the Plaintiff is represented by an attorney with regard to the subject alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address; and

   (b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

5

(c) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after the Defendant knows the Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and the attorney has not consented to communication with the Plaintiff; and

(d) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(f) Defendant violated *§1692e(2)(B)* of the FDCPA by giving the falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(h) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(i) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(j) Defendant violated *§1692f(1)* of the FDCPA by trying to collect an amount that that is not expressly authorized by the agreement creating the alleged debt nor permitted by law.

33. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3).

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations in an amount to be determined at trial and for Plaintiff.

C.  Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D.  Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E.  Punitive damages in such amount as is found appropriate.

F.  For Such other and further relief as the Court may deem just and proper.

## VII.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Kim Fair, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

Dated:  February 18, 2016

RESPECTFULLY SUBMITTED,
By: /s/ Kevin J. Buckley, Jr.
Kevin J. Buckley, Jr.
BBO:  674594
Consumer Rights Law Firm, PLLC
133 Main St., 2nd Flr
North Andover, Massachusetts 01845
Phone: (978) 212-3300
Fax: (888) 712-4458
Attorneykevinb@consumerlawfirmcenter.com
**Attorney for Plaintiff**